IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-1982-JLK**

**PHILLIPS PERFORMANCE NUTRITION, LLC, a Colorado limited liability company**,

>    Plaintiff,

v.

**BAYER HEALTHCARE, LLC, a Delaware limited liability company,**

>    Defendant.

---

## ORDER

---

Kane, J.

Plaintiff Phillips Performance Nutrition, LLC (Phillips) filed trademark applications

with the United States Patent & Trademark Office (PTO) for use of the marks Phillips

Performance Nutrition and Phillips Performance Nutrition and Logo in 2005. Defendant Bayer

Healthcare, LLC (Bayer) filed oppositions to both applications in 2006 and since that time, the

parties have engaged in negotiations regarding Phillips' use of the marks in an effort to settle the

matter. Because Bayer has refused to provide Phillips with a covenant not to sue as part of these

negotiations, Phillips asserts it "became apprehensive" that even if it succeeded in the PTO

opposition proceedings, it could be faced with a lawsuit by Bayer to attempt to stop it from using

the marks and for damages. "As a small, emerging company" which cannot "afford to litigate

this issue twice," Phillips commenced this action for declaratory relief, seeking a declaration of

noninfringement. Bayer moves to dismiss (Doc. 6), citing *MedImmune, Inc. v. Genentech*, 549

U.S. 118, __, 127 S.Ct. 764 (2001) as "abrogating" the "reasonable apprehension" test for

declaratory judgment jurisdiction in patent infringement cases and arguing, instead, that a simple

"actual controversy" test applies. Then citing *Wuv's Int'l, Inc. v. Love's Enters., Inc.*, 1978 U.S.

Dist. LEXIS 17928 (D. Colo. May 4, 1978)(Finesilver, J.) and *Surefoot L.C. v. Sure Foot Corp.*,

2006 U.S. Dist. LEXIS 87283 (D. Utah Oct. 31, 2006), Bayer contends neither the existence of

an Opposition proceeding nor correspondence related to that proceeding creates an "actual

controversy" for purposes of federal jurisdiction. Under the circumstances of this case, I

disagree.

A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of

proving that the facts alleged, "'under all the circumstances, show that there is a substantial

controversy, between the parties having adverse legal interests, of sufficient immediacy and

reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc.*, 549 U.S. 118, __,

127 S.Ct. 764, 771 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)).

*MedImmune* indeed represents a rejection of the Federal Circuit's "reasonable apprehension of

suit test," *see Benitec Australia, Ltd. v. Nucleonics, Inc*. 495 F.3d 1340, 1343-1344 (Fed. Cir.

2007), but that test in many ways constituted a higher standard than the "actual controversy"

standard of article III.

In *MedImmune,* the Supreme Court held that in order for a court to have jurisdiction over

a declaratory judgment action:

> the dispute [must] be definite and concrete, touching the legal relations of parties
> having adverse legal interests; and that it be real and substantial and admit of
> specific relief through a decree of a conclusive character, as distinguished from an
> opinion advising what the law would be upon a hypothetical state of facts.
> Basically, the question in each case is whether the facts alleged, under all the
> circumstances, show that there is a substantial controversy, between parties
> having adverse legal interests, of sufficient immediacy and reality to warrant the
> issuance of a declaratory judgment.

2

127 S.Ct. at 771 (internal quotations omitted, citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Basically, the question in each case is whether the facts alleged, under all the circumstances, show there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Cas. Co.* at 273.

In a recent patent case applying *MedImmune*, the Federal Circuit explained that "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *SanDisk Corp. v. STMicroelectronics NV*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). Where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights. *Id.*

While it appears the question of whether *MedImmune* changed the declaratory judgment jurisdiction standard not only for patent cases but also for trademark cases is currently pending before the Tenth Circuit in *Surefoot L.C. v. Sure Foot Corp.*, Court of Appeals Docket No. 06-4294, *see* Def's Reply (Doc. 17) at n. 4, I find the Federal Circuit's articulation of the Article III standard consistent with the law as applied in this circuit, which has yet to address the issue of declaratory judgment case and controversy jurisdiction since the Supreme Court's abrogation of the "reasonable apprehension of suit" test in *MedImmune*.

Accordingly, and because Bayer has taken a position that has put Phillips in the position

of either continuing to pursue arguably unlawful behavior or abandoning that which Phillips

claims a right to do, a prima facie case in controversy exists and I will not dismiss Phillips'

declaratory judgment action at this stage of the proceedings. Judge Finesilver's determination in

the thirty-year-old unpublished *Wuv's* decision that an objection in an administrative PTO

proceeding is an insufficient legal challenge to give rise to an "actual controversy" for purposes

of declaratory judgment jurisdiction does not persuade me otherwise.

Defendant's Rule 12(b)(1) Motion to Dismiss (Doc. 5) is DENIED. Should the

development of other facts or the outcome of the *Surefoot* appeal suggest the "actual

controversy" issue should be revisited in this case, I am confident Bayer will bring the matter to

my attention. In the interim this case is referred to Magistrate Judge Hegarty for settlement

negotiations.

Dated: September 3, 2008
       *nunc pro tunc* to April 24, 2008        **s/John L. Kane**
                                   SENIOR U.S. DISTRICT JUDGE